UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FLAGSTAR BANK, FSB,

       Plaintiff,                                    Case No. 11-11494

vs.                                             HON. AVERN COHN


BAYCAL FINANCIAL CORPORATION,
d/b/a/ BAYCAL FINANCIAL MORTGAGE
CORPORATION, ANTHONY CHI KIT TSIA,
JOHN CHI KEUNG TSIA, JAY YU FUNG,
a/k/a JIA YU FENG, ALAN LIN CHUNG
NGAI, ROBERT PETERSON, d/b/a
PETERSON APPRAISAL GROUP,
KELLY BUI, and JOSEPH CHAV,

       Defendants.

_____/

**MEMORANDUM AND ORDER**
**GRANTING, AS TO VENUE ONLY, DEFENDANTS BAYCAL FINANCIAL**
**CORPORATION, d/b/a/ BAYCAL FINANCIAL MORTGAGE CORPORATION,**
**ANTHONY CHI KIT TSIA, JOHN CHI KEUNG TSIA, JAY YU FUNG,**
**a/k/a JIA YU FENG, AND ALAN LIN CHUNG NGAI'S MOTION TO DISMISS FOR**
**LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TO TRANSFER**
**VENUE (Doc. 8).**
**AND**
**TRANSFERRING CASE TO THE NORTHERN DISTRICT OF CALIFORNIA[1]**

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2). The Court's ruling should not come as a surprise in light of the Court's decision in a substantially similar case, of which both parties are aware. See Flagstar v. The Loan Experts, No. 10-10906 (E.D. Mich 2010) (order transferring case to Northern District of California, Doc. 32)

I.  Introduction

This is a loan fraud case.  Plaintiff Flagstar Bank, FSB (Flagstar) brought this action to recover losses incurred as the result of a scheme in which each of the named defendants allegedly played a role.  Briefly stated, Flagstar was the secured lender on approximately 15 mortgage loans on residential real estate located in California, Nevada, and Arizona.  Flagstar says the mortgages were essentially granted based on fraudulent loan applications.  Flagstar has sued BayCal Financial Corporation ("BayCal"), four of its officers (Anthony Chi Kit Tsia, John Chi Keung Tsia, Jay Yu Fung, and Alan Lin Chung Ngai), an appraiser (Robert Peterson), and two of BayCal's former independent contractors (Kelly Bui and Joseph Chav).[2]

Before the Court is a motion by BayCal, Anthony Chi Kit Tsia, John Chi Keung Tsia, Jay Yu Fung, and Alan Lin Chung Ngai to dismiss for lack of personal jurisdiction or, alternatively, to transfer.  For the reasons that follow, the motion will be granted as to transfer of venue only.  This case will be transferred to the Northern District of California.

II.  Background

The relevant facts as gleaned from the complaint follow.

Flagstar is a federally chartered savings bank with its principle place of business in Troy, Michigan.  Flagstar funds residential mortgage loans.  BayCal is a mortgage broker.  It is a California corporation with its principle place of business in Burlingame, California.  Anthony Chi Kit Tsia, John Chi Keung Tsia, Jay Yu Fung, and Alan Lin

---

[2]Robert Peterson and Joseph Chav have not been served.  Flagstar obtained a default judgment against Kelly Bui.

Chung Ngai are officers of BayCal and residents of California.

On May 20, 2001, Flagstar and BayCal entered into a Wholesale Lending Broker Agreement in which BayCal would submit prospective loan packages to Flagstar for review and funding.

Flagstar says that between September 2004 and December 2007, 15 residential mortgage loan transactions arising from loan packages submitted by BayCal were fraudulently misrepresented with respect to property values, the income of the buyers and in at least one case, the identity of buyer.  Flagstar says that BayCal is contractually obligated to repurchase these loans under the Broker Agreement and that BayCal's officers were part of a fraudulent scheme to deceive Flagstar into making the loans.

All of the loans were for properties located in California, Nevada, and Arizona, primarily in California.  Fourteen of the fifteen buyers on the loans are California residents, the fifteenth being a Nevada resident.  All of the closings took place in California.

Flagstar initiated this action to recover losses incurred as a result of the scheme, which it says total at least $2, 680,279.84.  Flagstar's action consists of eight counts:  (I) Breach of Contract (BayCal and its officers); (II) Common Law Fraud/Intentional Misrepresentation (all defendants except Peterson); (III) Negligent Misrepresentation (all defendants except Peterson); (IV) Silent Fraud (all defendants except Peterson); (V) Negligence/Breach of Professional Duties (Peterson); (VI) Breach of Fiduciary Duty (all defendants except Peterson); (VII) Unjust Enrichment (all defendants); and (VIII) Civil Conspiracy/Concert of Action (all defendants).

3

III.  Analysis

A.

"The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." Leroy v. Great Western United Corp., 443 U.S. 173, 180 (1979).  There is no absolute requirement that the court address personal jurisdiction before venue, however, since "neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject matter is.... Accordingly, when there is a sound prudential justification for doing so, ... a court may reverse the normal order of considering personal jurisdiction and venue." Id.  The motions present an instance of such "sound prudential justification" for considering the issue of venue before that of personal jurisdiction.

As to venue, in this Circuit, a transfer of venue under 28 U.S.C. § 1404 may be had only where the action is brought in a permissible yet inconvenient forum.  Martin v. Stokes, 623 F.2d 469, 471 (6th Cir. 1980).  "[A] transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants." Pittock v. Otis Elevator Co., 8 F.3d 325, 329 (6th Cir. 1993).  Because defendants, particularly BayCal's individual officers, have raised compelling personal jurisdiction arguments, the Court will consider whether a transfer is appropriate under 28 U.S.C. § 1406 which applies to actions that are brought in an impermissible forum; the district court need not have personal jurisdiction over defendants before transferring pursuant to this section.  Martin, 623 F.2d at 471, 474.  Section 1406 states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or

4

district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Section 1631 also applies to such actions.  It states that when the court "finds that there is a want of jurisdiction," it "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought...." 28 U.S.C. § 1631.  "A court may decide to dismiss an action rather than transferring it under § 1631 either because (1) no permissible federal court would have jurisdiction over the action, or because (2) transfer would not be in the interest of justice."  Roman v. Ashcroft, 340 F.3d 314, 328 (6th Cir. 2003) (quotation marks omitted).

The Sixth Circuit has observed that sections 1406(a) and 1631 are "similar provision[s]" that "confer broad discretion in ruling on a motion to transfer."  Stanifer v. Brannan, 564 F.3d 455, 456-57 (6th Cir. 2009).  The Sixth Circuit has also stated that it is an abuse of discretion for a district court "to refuse to transfer without determining whether transfer would be 'in the interest of justice.' "  Commodities Export Co. v. U.S. Customs Serv., 888 F.2d 431, 439 (6th Cir.1989) (quoting 28 U.S.C. § 1631; citing Taylor v. Social Sec. Admin., 842 F.2d 232, 233 (9th Cir. 1988).

B.

As to whether there is "no permissible federal court [that] would have jurisdiction over the action," this does not appear to be at issue.  There does not appear to be any serious disagreement with the notion that the action could have been brought in the Northern District of California.

As to whether a transfer is "in the interest of justice," the clear answer is yes.  All of the primary events took place in California.  The loan transactions were negotiated

5

and closed in at offices in California.  The majority of the properties are located in California.  The buyers all reside in California.  The alleged perpetrators of the fraud are in California.  While Flagstar is a Michigan corporation, it chose to do business with BayCal in California and grant mortgages on properties located there and with buyers located there.  Moreover, Flagstar has regional offices in Walnut Creek, California and Portland, Oregon.  According to the affidavit of Anthony Tsia, all of BayCal's contact with Flagstar on the loans was with its California or Portland office.  It therefore appears likely that the Flagstar employees who worked on the loans at issue were based in one of Flagstar's West Coast offices.  Thus the majority of primary fact witness are in California.  It is possible that many of these witness may be outside of the Court's subpoena power.  While Flagstar says most of its evidence is documentary which can easily be used in Michigan, most of the documents Flagstar would use at trial are located in California.  The fact that Flagstar is based in Michigan and chose to sue in a Michigan court is not sufficient to keep the case here.  Although "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive."  See Lewis v. ACB Business Services, Inc., 135 F.3d 389, 413 (6th Cir. 1998) (discussing change of venue under section 1404(a)).  Under the circumstances set forth above, which show that the locus of the fraud is California, it is in the interest of justice to have the case proceed in California.

IV.  Conclusion

Accordingly, for the reasons stated above, defendants' motion relating to a

6

transfer of venue is GRANTED.  What is left of the motion to dismiss for lack of personal

jurisdiction and other pending matters will be determined by the transferee court.[3]  This

case is TRANSFERRED to the Northern District of California.

SO ORDERED.


 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  July 21, 2011


I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, July 21, 2011, by electronic and/or ordinary mail.


 s/Julie Owens
Case Manager, (313) 234-5160

---

[3]Flagstar recently filed a motion for partial summary judgment against BayCal.  Doc. 22.
The Court stayed proceedings on that motion pending decision on the instant motion.
Doc. 24.

7